PER CURIAM: *
Juan Carlos Diaz-Marquez (Diaz) appeals his 58-month sentence for having entered the United States illegally after deportation, in violation of 8 U.S.C. § 1326(a) and (b). Diaz contends that his sentence must be vacated and his case remanded for resentencing because the district court committed reversible error by sentencing him pursuant to a mandatory Sentencing Guidelines regime, in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
*406 The district court’s sentence pursuant to a mandatory guideline scheme constitutes Fanfan error. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir.2005). The Government thus bears the burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only. See id. at 464-65. If the Government cannot show that the error was harmless, we ordinarily will vacate and remand for resentencing. Id. at 463.
The sentencing transcript does not reveal whether the district court would have imposed the same sentence had the Guidelines been advisory. Because the Government cannot meet its burden, we vacate Diaz’s sentence and remand the case for resentencing. See id. at 464-66.
Diaz also challenges the constitutionality of § 1326(b)’s treatment of prior felony and aggravated-felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury, on authority of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Diaz’s constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Diaz contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Diaz properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Diaz’s conviction is affirmed.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.